IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**DENNIS R. SUTCLIFFE**,

        Plaintiff

        v.

**MICHAEL J. ASTRUE**,
Commissioner of Social Security,

        Defendant.

Civil No. 09-250-MO

**OPINION AND ORDER**

**MOSMAN, J.,**

    Plaintiff Dennis Sutcliffe ("Sutcliffe") challenges the Commissioner's decision finding him not disabled and denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). I have jurisdiction under 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is AFFIRMED.

    I review the Commissioner's decision to ensure the Commissioner applied proper legal standards and that his findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Administrative Law Judge ("ALJ") made her decision based upon a five-step sequential process established by the Commissioner. 20 C.F.R. §§ 404.1520(a); 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (9th Cir. 1987). The ALJ found that Mr. Sutcliffe can perform work in the national economy, and therefore found him not disabled.

## ANALYSIS

Mr. Sutcliffe contends that the ALJ improperly discredited the opinion of examining physician Dr. Ogisu, failed to consider whether he possesses transferable work skills, and improperly relied upon a vocational expert's testimony.

**I.   Medical Source Statements**

Mr. Sutcliffe asserts that examining physician Dr. Ogisu's opinion precludes use of his left wrist.

**A.   Standards**

The ALJ must generally accord greater weight to a treating physician's opinion than an examining physician's opinion and, in turn, accord greater weight to an examining physician's opinion than to a reviewing physician's opinion. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ must give specific, legitimate reasons supported by substantial evidence for rejecting a controverted opinion from a treating or examining physician. *Id.* If the opinion is not contradicted by another physician, then the ALJ may reject it only for clear and convincing reasons. *Id.*

**B.   Examining Physician Dr. Ogisu**

Dr. Ogisu evaluated Mr. Sutcliffe for Disability Determination Services[1] on May 6, 2003.

---

[1] DDS is a federally-funded state agency that makes eligibility determinations on behalf and under the supervision of the Social Security Administration pursuant to 42 U.S.C. § 421(a)

AR 411-14.[2]  Dr. Ogisu performed a clinical examination and assessed a history of hepatitis C, left wrist pain, decreased sensation of the left upper extremity, and dizziness.  AR 413-14.  Dr. Ogisu specifically found that Mr. Sutcliffe's left wrist pain "probably represents an arthritic condition.  There is no sign of active inflamation, but there may have been some in the past.  Wrist and hand ranges of motion are not appreciably decreased."  AR 413.

Regarding Mr. Sutcliffe's left wrist, Dr. Ogisu concluded that "at this time, manipulations do not seem to be significantly effected except for those activities involving bending of the left wrist in any direction and forceful gripping on the left."  AR 414.  The ALJ noted Dr. Ogisu's opinion in detail (AR 26E) found that Mr. Sutcliffe should "avoid constant use of left (non-dominant) upper extremity to grasp, seize, and handle."  AR 26D.

Mr. Sutcliffe now contends that Dr. Ogisu limited him to "no" bending of his wrist or forceful grasping, and that the ALJ's upper left extremity limitation is therefore erroneous.  Pl.'s Opening Br., 12.  Mr. Sutcliffe explains, in a footnote, that "Dr. Ogisu did not specify "no" wrist bending or forceful grasping, however he also did not specify the length of time that such activities may occur.  Plaintiff submits that it is therefore logical to interpret his opinion to mean "no" wrist bending or forceful gripping."  *Id.* n3.

Mr. Sutcliffe's submission is not based upon the record.  Dr. Ogisu made no statement precluding Mr. Sutcliffe from all bending or gripping of his left wrist.  AR 414.  Where two reasonable interpretations of the evidence arise, this court must defer to the ALJ's interpretation.

---

and 20 C.F.R. §§ 404.1503; 416.903.

[2]Citations "AR" refer to indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer on July 21, 2009 (Docket # 12).

PAGE 3 -  OPINION AND ORDER

*Batson*, 359 F.3d at 1193.  Here, Mr. Sutcliffe's semantics stretch even plausible interpretation.  The ALJ's findings regarding Dr. Ogisu's opinion are based upon the record and therefore affirmed.

**II.     Transferable Skills**

Mr. Sutcliffe also asserts that the ALJ failed to properly assess his transferable work skills before making his finding that Mr. Sutcliffe could perform work in the national economy.  Pl.'s Opening Br. 13-14.

**A.     Standards**

Transferable skills are relevant "only when" an individual cannot perform past relevant work and "that work is determined to be skilled or semiskilled." SSR 82-41(1982 WL 31389) at *1.  In such cases, the ALJ must determine whether the claimant possesses transferable skills which will allow him to perform skilled or semi-skilled work.  *Id.* at 4.  The ALJ determines if skills are transferable "simply by comparing job duties with the regulatory definition of skill levels," or by consulting a vocational expert.  *Id.*  The vocational expert's testimony may constitute evidence that a claimant has transferable skills.  *Id.* at *7.  The ALJ must subsequently identify the transferable skills in her opinion.  *Bray v. Barnhart*, 554 F.3d 1219, 1223 (9th Cir. 2009)(citing *id.*).

**B.     Analysis**

The ALJ found that Mr. Sutcliffe "has acquired work skills from past relevant work," and noted that the vocational expert testified that Mr. Sutcliffe's past work as a mechanic was skilled work, and "required skills in the area of assembly."  AR 26G.  The record shows that the vocational expert stated that Mr. Sutcliffe has skills that are "transferable into the assembly area and of the driving." AR 1488.  The vocational expert also stated that Mr. Sutcliffe "has knowledge of tools and equipment" and is "very skilled with . . . hand tools, pneumatic tools, automotive-type stuff, and

PAGE 4 - OPINION AND ORDER

apparently he used to be a helicopter mechanic, so there is no question the gentlemen has knowledge of tools." *Id.*  The ALJ subsequently cited the vocational expert's testimony that with these skills, and no additional skills, Mr. Sutcliffe could perform semi-skilled work as a security guard, food assembler, and wiring harness assembler.  AR 26H.  The ALJ concluded that "based on the testimony of the vocational expert . . . the claimant has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy." *Id.*

Mr. Sutcliffe now contends that the ALJ had a duty to set forth Mr. Sutcliffe's specific transferable skills prior to making this finding.  Pl.'s Opening Br. 13-14.  Mr. Sutcliffe cites SSR 82-41 at length in a footnote, without pinpoint citation (*id.*), but fails to acknowledge that a vocational expert's testimony may suffice in establishing that a claimant has transferable skills.  SSR 82-41 at *7.  The ALJ's citation to the vocational expert's testimony and her subsequent finding that Mr. Sutcliffe has transferable skills in assembly (AR 26G) sufficiently identifies Mr. Sutcliffe's transferable skills.  The ALJ thus fulfilled her duty to identify Mr. Sutcliffe's transferable skills.  The ALJ's finding that Mr. Sutcliffe has transferable skills is based upon the record and therefore affirmed.

Finally, Mr. Sutcliffe asserts that there is "no evidence" that the jobs cited by the vocational expert and the ALJ require "the same or similar tools, use the same machines, and require the same or similar raw materials, products, processes, or services."  Pl.'s Opening Br. 14 (citing 20 C.F.R. § 404.1568(d)).  Mr. Sutcliffe's citation refers to the Commissioner's regulations defining transferable skills.  Mr. Sutcliffe points to no authority establishing that the ALJ has a duty to identify transferable skills in regards to each of these work functions.  The Ninth Circuit has

PAGE 5 - OPINION AND ORDER

explicitly rejected the assertion that an ALJ must consider each and every function identified by the Commissioner. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (holding that the ALJ is not required to perform a function-by-function analysis). This submission is also rejected.

### III.   Work in the National Economy

Finally, Mr. Sutcliffe contends that the ALJ improperly "ignored" documentation regarding the availability of work in the national economy. Pl.'s Opening Br. 15. Here Mr. Sutcliffe cites documents he submitted to the record purporting to show job statistics produced by the U.S. Dept. of Labor, the U.S. Dept. of Commerce, and the State of Oregon. *Id.* (citing AR 66-70, 871-72, 903-04).

#### A.   Standards

At step five, the ALJ determines if the claimant may perform work in the national economy. The ALJ may support this finding by drawing upon the testimony of a vocational expert. 20 C.F.R. § 404.1566(e); 416.966(e); *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). Furthermore, "introduction of evidence of the characteristics of specific jobs available in the local area through the testimony of a vocational expert is appropriate," even where the job traits may vary from the *Dictionary of Occupational Titles*. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).

#### B.   Analysis

Mr. Sutcliffe provides no authority for his submission that the ALJ should have considered additional documents regarding the number of jobs available in the national economy. Instead, Mr. Sutcliffe quotes a 1999 decision of this court citing the ALJ's generalized duty to consider "significant and probative evidence." Pl.'s Opening Br. 15 (citing *Aleksashin v. Apfel*, 1999 WL 562691). Mr. Sutcliffe asserts, without authority, that his documentation regarding job statistics is

"significant and probative," and that the ALJ therefore should have explained why he did not address these documents.

Mr. Sutcliffe fails to note that a vocational expert's recognized expertise provides the foundation for his testimony, *Bayliss*, 427 F.3d at 1218, and that an ALJ may take administrative notice of any information the vocational expert provides. *Johnson*, 60 F.3d at 1435. Further, the ALJ afforded Mr. Sutcliffe the opportunity to present testimony from his own vocational expert, which Mr. Sutcliffe declined to do. AR 1483-84. For all of these reasons, Mr. Sutcliffe fails to establish that the ALJ improperly relied upon the vocational expert's testimony regarding the existence of work available in the national economy.

## **CONCLUSION**

In conclusion, Mr. Sutcliffe fails to show that the ALJ improperly evaluated Dr. Ogisu's opinion, Mr. Sutcliffe's transferable skills, or his ability to perform work in the national economy. The ALJ's decision is based upon the record and the correct legal standards and is therefore AFFIRMED.

IT IS SO ORDERED.

Dated this   11th   day of February, 2010.

/s/ Michael W. Mosman
Michael W. Mosman
United States District Judge